ACCEPTED
01-15-00251-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
8/3/2015 3:31:56 PM
CHRISTOPHER PRINE
CLERK

# No. 01-15-00251-CV

_____

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
8/3/2015 3:31:56 PM
CHRISTOPHER A. PRINE
Clerk

## IN THE COURT OF APPEALS FOR THE FIRST DISTRICT OF TEXAS AT HOUSTON

_____

## In re Texas State Silica Products Liability Litigation

_____

Appeal from the 333rd Judicial District Court
of Harris County, Texas No. 2004-70000

_____

## REPLY IN SUPPORT OF APPELLEES' MOTION TO DISMISS APPEAL OR, ALTERNATIVELY, TO STRIKE APPELLANT'S BRIEF

_____

TO THE HONORABLE JUSTICES OF THE COURT OF APPEALS:

Appellants' response to the Motion to Dismiss Appeal or, Alternatively, to Strike Appellants' Brief, misses two essential points of the motion. First, despite what Appellants may have asked the MDL Court to do, what the Court actually did was to dismiss Appellants' constitutional challenge to portions of Chapter 90 of the Texas Civil Practice and Remedies Code and deny their request for permanent injunctive relief based on a lack of standing of Appellants to make their constitutional challenge and on a lack of ripeness in their claims. CR 1639-40. Second, regardless of what the order dismissing Appellants' constitutional

1

challenge says, the only relief Appellants are seeking is on the merits of their challenge, an issue that the MDL Court did not consider and that is not before this Court.

## 1. The Lack of an Appealable Order

The clear and unambiguous language of the MDL Court's order conclusively contradicts Appellants' argument that the order denies temporary injunctive relief; the order says that Appellants' "Request for Permanent Injunction Declaring Sections 90.004 and 90.010 Unconstitutional is **DENIED**." CR 1639–40 (emphasis in the original). The Texas Supreme Court has recognized that in reviewing a trial court action, an appellate court must examine "not what the trial court should have done but, if possible, what the court actually did." *Shanks v. Treadway*, 110 S.W.3d 444, 447 (Tex. 2003). *See also Clay Exploration, Inc. v. Santa Rosa Operating, LLC*, 442 S.W.3d 795, 802 n.9 (Tex. App. – Houston [14th Dist.] 2014, no pet.) ("The language in the Order is unambiguous; therefore, this court must interpret the Order as having the effect required by the Order's plain language, even if this effect is contrary to the result required under applicable law").

The MDL signed the order denying permanent injunctive relief in August 2014. Over the subsequent eleven months, Appellants never complained that the order addressed permanent injunctive relief and they never asked the MDL Court

to change the order. Appellants' suggestion is for this Court to ignore what the MDL Court did and instead act as if the MDL Court had done something completely different. An appellate court cannot create jurisdiction that otherwise does not exist by ignoring the plain language of a trial court order.

## 2. *The Lack of an Appealable Issue*

If the MDL Court had issued an order denying temporary injunctive relief, that would be an issue that the Appellants could challenge on interlocutory appeal, but they have not done that. They do not claim that the MDL Court abused its discretion in denying their request for injunctive relief, nor are they asking this Court to grant injunctive relief. The Brief filed by Appellants in this case addresses only the merits of their constitutional challenge. The MDL Court did not consider the merits of the challenge, nor could it have done so once it determined that the Appellants lacked standing and that their claims were not ripe. *DaimlerChrysler Corp. v. Inman*, 252 S.W.3d 299, 304 (Tex. 2008) ("Without jurisdiction, the trial court should not render judgment . . .; it should simply dismiss the case"); *Martinez v. Second Injury Fund of Tex.*, 789 S.W.2d 267, 277 (Tex.1990) (Hecht, J., dissenting) ("Rendition of judgment on the merits is inappropriate in an action over which the trial court lacks jurisdiction").

In order to preserve an issue for appeal, the issue must be presented to and decided by the trial court. Tex. R. App. 33.1(a). Because the trial court did not

rule on the merits of Appellants' constitutional claims, the issue is not before the Court. *Lincoln v. Clark Freight Lines, Inc.,* 285 S.W.3d 79, 92 n. 12 (Tex. App.--Houston [1 Dist.] 2009, no pet.) ("Without a ruling [by the trial court], we have nothing to review"); *Okorafor v. Uncle Sam & Assocs., Inc.,* 295 S.W.3d 27, 37 (Tex. App. - Houston [1st Dist.] 2009, pet. denied) (when trial court does not rule on issue, there is nothing for the court of appeals to review). Without a ruling on the merits of the constitutional challenge from the MDL court, these issues are not properly before this Court and cannot be considered on this appeal. *See Johnson v. Texas Serenity Academy, Inc.,* 2015 WL 1135947, *3 (Tex. App. – Houston [1st Dist. 2015, no pet.); *Essex Crane Rental Corp. v. Carter*, 371 S.W.3d 366, 383 (Tex. App. – Houston [1st Dist.] 2012, pet. denied).

Even if the Court could ignore the lack of an appealable order, the only issue that Appellants might have raised is the MDL Court's denial of their request for injunctive relief. They have not complained of that ruling, but only of issues that the MDL Court did not consider and did not rule on. Appellants have presented no appealable issue to the Court.

### 3.  *Appellants' Other Complaints Present Nothing for Review*

Most of Appellants' Response consists of arguments aimed at why they believe certain portions of Chapter 90 are unconstitutional, with a short section at the end addressing why Appellants believe the MDL Court's ruling on ripeness

4

was wrong. But these substantive matters are not relevant to the motion currently before the Court which is only aimed at whether this Court has jurisdiction over the appeal and if some or all of Appellants' brief should be stricken for noncompliance with substantive and procedural rules. Nonetheless, Appellants' ripeness theories are incorrect and Appellees will address those arguments if the Court determines that it has jurisdiction over the appeal. It is significant to note that Appellants did not even try to argue that they have standing to assert their constitutional challenge.

Appellants are wrong, however, when they say that the only pre-2005 silicosis cases that will remain after August 31, 2015 are the Appellants. The MDL Court has already approved medical reports from thirty-four plaintiffs, most of whom filed their cases before September 1, 2005, including at least nine who are represented by the attorney who filed Appellants' response. CR 1st Supp V. 6, 2970-3062.[1] The MDL Court has also allowed one plaintiff represented by the same lawyer to proceed with his claims under Tex. Civ. Prac. & Rem. Code §

---

[1] *See* Exhibits D-1 through D-30 to "Opposition of Defendants' Steering Committee to Certain Plaintiffs' Request for a Temporary Injunction in Connection with their Motion to Enjoin Enforcement of Sections 90.004 and 90.010 of the Texas Civil Practice & Remedies Code because the Statute is Unconstitutional," filed June 3, 2014. This pleading contains 30 of the MDL Court's orders approving medical reports. Two additional medical reports have been approved by the MDL Court since the entry of the Court's August 19, 2014, order. The orders approving these reports are not currently part of the appellate record, however, Appellees have requested their supplementation. Two other plaintiffs with active cases are not shown in the appellate record.

5

90.010(f).  CR 1st Supp V. 6, 2970-72.  None of those plaintiffs will have their claims dismissed before September 1, 2015 as a result of Chapter 90.   And to the extent those active silica cases have not been tried or settled, they will remain in the Silica MDL, even though they are more than ten years old.

Additionally, as Appellants concede, any dismissal order entered in an individual case by the MDL Court will then be appealable as a final order.  There is no need to reply on this procedurally and substantively deficient case as a vehicle to determine challenges to the statute.  Appellants stress that this Court should overlook procedural issues because of a hypothetical administrative burden the Court could face if individual cases are dismissed and appealed. [2]  But even if this Court were to overlook the procedural and substantive problems with this appeal, there is no guarantee that it would not have to consider individual cases on appeal.  As was extensively outlined in Appellees' initial motion and this reply, the MDL Court denied Appellants' injunction motion because they had not demonstrated standing or ripeness.  In the best case scenario for Appellants, this Court would determine that Appellants have standing and that the issues are ripe.  But this Court could still only remand back to the MDL Court for a

---

[2] Appellants' Response to Appellees' Motion to Dismiss Appeal or, Alternatively, to Strike Appellants' Brief at 4.

determination on the substance of the injunction because that issue has not previously been considered by the MDL Court.

The best proof that Appellants lack standing to raise their constitutional challenge and that their claims are not ripe comes from the numerous plaintiffs who have been authorized to go forward with their cases under Chapter 90. On thirty-four occasions, a plaintiff has presented a medical report that has been deemed or determined to comply with the statute. CR 1st Supp V. 6, 2970-3062.[3] In most of these cases, the plaintiff presented a medical report to the MDL Court that the MDL Court ruled was compliant with Chapter 90, in some cases by overruling the objections by the defendants. On other occasions, no objections to the medical report were filed. What those plaintiffs show is that not every plaintiff with pre-2005 silica claims is prevented from going forward with his claims by the medical criteria in Chapter 90.

None of the Appellants have submitted medical reports to the MDL Court for examination.[4] Until they do so, they cannot show that they have been harmed

---

[3] See n. 1, *supra*.

[4] Appellants have not explained to this Court or to the MDL Court why they refuse to present medical reports to the MDL Court. The closest they come to an explanation is their complaint that counsel for the Maloney Martin Appellants will have to incur an estimated cost of $240,000 to have their clients examined by a physician. Appellees dispute that cost; Mr. Martin represents approximately 105 of the Appellants in this case, which means that the cost of a medical exam would exceed $20,000 per claimant. The response to this is that a lawyer's decision not to pay for a doctor to examine his client in order to prove the presence of a disease does not make a statute unconstitutional and does not excuse noncompliance with statutory requirements.

by Chapter 90.[5]  If their cases are dismissed on or before August 31, 2015, it will be because they have not submitted medical reports to the MDL Court.   If that happens, it will be purely speculative as to whether or not they would have gone forward because they could not meet the medical criteria of Chapter 90.   The history of the Silica MDL shows that Chapter 90 does not always result in the dismissal of a plaintiff's claims.   The standing and ripeness issues recognized by the MDL Court are not that the Appellants cannot meet the medical criteria that others have met; the issue is that these Appellants have not even tried to see if they can go forward.[6]

If Appellants are worried about the dismissal of their claims while their appeal is pending, the appropriate thing for them to do is to request that the MDL Court stay the dismissal pending the resolution of their constitutional challenge.  It

---

[5] While Appellants address the issue of ripeness in their Response, they do not discuss the lack of standing issue at all.  Of course, those issues go to the merits of the MDL Court's ruling and not to the jurisdictional issue raised by Appellees' Motion to Dismiss.

[6] If the Appellants are asserting that they are making a facial challenge to Chapter 90, then Appellees suggest that their constitutional challenge and this appeal are brought without any legal or factual basis.  To sustain a facial challenge to the constitutionality of a statute, the complaining party must show that the statute, by its terms, always operates unconstitutionally. *Texas Workers' Comp. Comm' n v. Garcia*, 893 S.W.2d 504, 51820 (Tex.1995); *Tex. Dep't of Family & Protective Servs. v. Dickensheets*, 274 S.W.3d 150, 155 (Tex. App. - Houston [1st Dist.] 2008, no pet.).  It has been established more than thirty times that Chapter 90 does not act unconstitutionally in every case.  In addition, there are at least two Appellants who attached medical reports to the Plaintiffs' constitutional challenge that indicated those claimants suffered no silica-related medical condition.  CR 1st Supp. V5:698 (Givens); 1061 (Syrma).  Appellants have not explained how a plaintiff without a silica-related injury has been harmed by any provision of Chapter 90.

would certainly be within the MDL Court's discretion to do so. The problem, however, is that Appellants have not asked for that relief from the MDL Court.

The timing problems of which Appellants complain are largely of their own making. The medical criteria contained in Chapter 90 became effective September 1, 2005. See Acts 2005. 79th Leg., ch. 97, § 2. Appellants waited almost ten years to bring their constitutional challenge. Chapter 90 was amended in 2013 to allow for the dismissal of pre-2005 claims, and Appellants knew at that time that their claims were potentially subject to dismissal in 2015 if they could not present an adequate medical report. Acts 2013, 83rd Leg., ch. 146, § 3. Appellants then waited another year before presenting their challenge to the MDL Court. Appellants obtained an order from the MDL Court that was not sufficient to support either a direct appeal to the Texas Supreme Court (because the denial of injunctive relief was not based on the constitutionality or unconstitutionality of the statute) or an interlocutory appeal to this Court (because the order only denies permanent injunctive relief, not temporary injunctive relief). Had Appellants made any reasonable effort to raise their constitutional challenge in the decade between 2005 and 2015, their challenge would most likely have been resolved long before the August 31, 2015 dismissal date.

Appellants' lack of diligence in pursuing their constitutional challenge and their failure to obtain an appealable order is not a sufficient basis for creating

appellate jurisdiction. Appellants are asking this Court to review an interlocutory order from the MDL Court denying permanent injunctive relief. There is no authority for this Court to entertain such an appeal, and the appeal should be dismissed.

Alternatively, Appellants' Brief should be stricken and Appellants be required to redraw their Brief to address the matters ruled on by the MDL Court. As it stands, Appellants have wasted judicial resources in presenting a massive brief which only cursorily touches on the issues that the MDL Court actually decided and instead argues almost exclusively on matters that MDL Court did not consider or decide. Appellants' brief does not present any appealable issue for this Court to consider and Appellees should not be required to respond to a brief that is in such blatant disregard of the principles of appellate jurisdiction and the rules of appellate briefing.

Respectfully submitted,

/s/ Kevin F. Risley_____
Kevin F. Risley
State Bar No. 16941200
THOMPSON, COE, COUSINS & IRONS, L.L.P.
One Riverway, Suite 1400
Houston, Texas 77056
Telephone: 713.403.8295
Facsimile: 713.403.8299
Email: krisley@thompsoncoe.com

**COUNSEL FOR APPELLEE**
**3M COMPANY**
**ON BEHALF OF ALL APPELLEES[7]**

## CERTIFICATE OF SERVICE

I hereby certify that on August 3, 2015, a true and correct copy of the foregoing document was served pursuant to electronic service on Mike Martin, Attorneys for Appellants.

/s/ Kevin F. Risley_____
Kevin F. Risley

---

[7] The Appellees who have joined in the Motion to Dismiss Appeal or, Alternatively, Motion to Strike Appellants' Brief are identified in Appendix A to the Motion.